UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In Re:                                              Chapter 11

    PORTO RESOURCES, LLC                     Case No.: 14-41430-ESS

                    Debtor.          **ORDER**
---------------------------------------------------------------X

Application having been made to the Court by Sunkyung LLC, by Notice of Motion dated April 14, 2014 for an order a) dismissing the Chapter 11 proceeding; or b) modifying the automatic stay; and or c) excusing the Temporary Receiver from stepping aside; and Notice of Motion having been provided to the Debtor, all creditors listed on the Debtor's petition and the Office of the United States Trustee, and the Debtor having filed written opposition to the motion and Robert Brill, Esq. the Temporary Receiver having submitted a declaration and the matter having come on to be regularly heard before the Court on May 16, 2014, and the adjourned date of June 16, 2014, July 26, 2014, August 19, 2014 and September 19, 2014 and Sunkyung, LLC having appeared by its attorneys Berger, Fischoff & Shumer, LLP, (Gary C. Fischoff, Esq. appearing), the Debtor having appeared by its attorney Michael Previto, Esq. and Robert Brill, Esq. having appeared *pro se* and the Office of the United States Trustee having appeared (Nazar Khodorosky, Esq.) and the Court having heard oral argument and after due consideration and for cause it is

**ORDERED**, that the automatic stay is modified, as to Sunkyung, LLC, and the Debtor, so that they shall be authorized and permitted to proceed with the foreclosure action and defenses pending in the Supreme Court, for the State of New York, New York County, entitled "*Sunkyung LLC as Assignee, BDP Bank against Porto Resources, LLC et al*", Index No.: 850123/12, only through entry of ~~a~~ judgment ~~of foreclosure and sale~~; and it is further

**ORDERED,** that Sunkyung, LLC shall not schedule a foreclosure sale without further order of this Court; and it is further

**ORDERED,** the automatic stay is ***hereby modified*** ~~herewith lifted~~ with respect to Robert M. Brill, Esq., the State Court appointed receiver (the "Receiver"), as follows: a)  the Receiver may apply to the New York State Court (the "State Court") for confirmation of such interim receiver's report as the Receiver may file, and the State Court may review the Receiver's application thereby, and issue an appropriate order, with respect to such relief sought, as is appropriate; b) the Receiver may apply to the State Court for the granting and payment of such interim commissions and expenses as he may be entitled to, and the State Court may review such application, and issue an appropriate order with respect to such relief sought as is appropriate; c) to the extent that the State Court grants in whole or in part the Receiver's application for the payment of interim commissions and expenses, such interim commissions and expenses may be paid from the bank accounts maintained by the Receiver for purposes of the received estate in the State Court action (the "Bank Accounts"); d) the Receiver's powers and duties with regard to the received estate and subject premises remain strictly limited to receiving rents collected by the Debtor and its officer from the occupants and tenants at the subject premises, and depositing such rents in the Bank Accounts, and making emergency repairs at the subject premises, if necessary, and paid for from the funds in the Bank Accounts, but, to the extent that making such emergency repairs require funds from the Debtor or the Secured Creditor, then the Receiver shall make such application for such relief to the State Court; and e) the Receiver may make such submissions to the State Court as the Receiver deems appropriate on such proceedings before the State Court as are permitted pursuant to this order; and it is further

**ORDERED,** until further order of the Court, the Debtor shall be responsible for sealing

or stabilizing the building, as necessary, or other repairs; and it is further

**ORDERED,** until further order of this Court, the Temporary Receiver shall not retain a

management company or any other professionals; and it is further

**ORDERED**, that the Debtor shall turn over to the Temporary Receiver the rents received

for the post petition period March 26, 2014 forward; and it is further

**ORDERED,** that the Debtor shall turn over to the Temporary Receiver any security

deposits in its possession; and it is further

**ORDERED,** that the Debtor, Sunkyung, LLC, and Robert Brill, Esq. shall provide the

United States Trustee, via email, with copies of any motions, applications, or orders as filed with,

or issued by the State Court and the Debtor shall file with the Court every 60 days, reports on the

status of the State Court proceeding; and it is further

**ORDERED,** that portion of Sunkyung, LLC's motion seeking dismissal of the Chapter

11 and or relief from the automatic stay is adjourned until December 12, 2014 at 9:30 a.m.

No objection:

_/s/_____
Micheal Previto, Esq.
Attorney for Debtor

_/s/_____
Nazar Khodorosky, Esq.
Office of the United States Trustee

_/s/_____
Robert Brill, Esq.
Receiver



**Dated: Brooklyn, New York**
     **September 23, 2014**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**